

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3048

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Gonzalez" (2004). *2004 Decisions.* Paper 306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3048

UNITED STATES OF AMERICA

v.

RODNEY GONZALEZ,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00062-1)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2004

Before: ALITO, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed : September 30, 2004)

OPINION

AMBRO, <u>Circuit Judge</u>

Rodney Gonzalez pled guilty to two counts of interstate travel to facilitate the

distribution of crack cocaine, in violation of 18 U.S.C. § 1952(a)(3). Though Gonzalez timely appealed his conviction and sentence, his appellate counsel has filed an *Anders* brief stating that no nonfrivolous issues exist for appeal. He has also moved to withdraw as Gonzalez's counsel. After reviewing the record in this case, we dismiss the appeal and grant counsel's motion.

## Factual and Procedural History

In October 2001, the Drug Enforcement Administration, working in conjunction with the Pennsylvania State Police, began investigating drug trafficking activities in Cumberland County, Pennsylvania. Gonzalez was known to the authorities as a dealer of crack cocaine.

On February 5, 2002, the Pennsylvania State Police stopped a car operated by Gonzalez and containing one passenger, Damien Langlaise, because its windows were visibly tinted beyond the legal limit. When the police observed evidence of drug use, they conducted a pat-down search, which revealed approximately one ounce of crack cocaine hidden in Langlaise's underwear. Both men were arrested. Gonzalez later stated that he had given Langlaise the drugs when the police stopped them.

The arrest led to an extensive investigation of Gonzalez, which revealed that several individuals were distributing drugs for him in Carlisle, Pennsylvania. Gonzalez admitted in a statement to investigators that he was involved in the distribution of crack cocaine, though he disputed the alleged extent of his participation. He stated that he had

2

traveled from New York to Carlisle four or five times, each time with approximately one-half ounce of crack cocaine.

In 2002 a grand jury in Harrisburg, Pennsylvania returned an indictment charging Gonzalez with various drug trafficking offenses, including unlawful distribution and possession with intent to distribute crack cocaine, as well as conspiracy to distribute and possess with intent to distribute crack cocaine. Pursuant to a plea bargain, Gonzalez was permitted, in lieu of proceeding to trial, to plead guilty to two counts of interstate travel in order to facilitate the distribution of crack cocaine. On October 15, 2002, Gonzalez pled guilty to the reduced charges. On July 1, 2003, he was sentenced to 60 months imprisonment on each count, to be served consecutively, for a total of 120 months imprisonment.

Gonzalez appealed his sentence *pro se*, and counsel was appointed to represent him. Counsel has filed an *Anders* brief asserting that the appeal raises no nonfrivolous issues, and he seeks to withdraw as counsel.

**Discussion**

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." In reviewing an *Anders* motion, we must consider both "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s]

3

requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Our first task, then, is to assess whether counsel satisfied his duties under Rule 109.2(a) by thoroughly examining the record in search of appealable issues and explaining why any potential issues are frivolous. *Id*. While counsel "need not raise and reject every possible claim," he must conscientiously examine the record. *Id*.

Our review shows that counsel has thoroughly considered all plausible bases for appeal, including issues that Gonzalez has waived by virtue of his guilty plea. For example, counsel discusses at length the legitimacy of the stop of Gonzalez's vehicle. We are satisfied that the stop was proper. But even if it were not, Gonzalez could not now challenge it. He was advised that by pleading guilty he would give up his right to file any pre-trial motions, and he has not challenged the adequacy of the guilty plea colloquy that led to the entry of his plea. Similarly, while Gonzalez now suggests that he might have received a lesser sentence by proceeding to trial, the transcript of the plea colloquy reveals that he was fully aware of the Government's case against him, as well as the legal consequences of a guilty plea.

Because counsel has submitted an adequate *Anders* brief, "we confine our scrutiny to those portions of the record identified by [that brief] . . . [and] those issues raised in Appellant's *pro se* brief." *Id*. at 301. Gonzales submitted a brief in response to counsel's *Anders* brief. In it he raised only one claim: ineffective assistance of counsel. We do not

4

consider ineffective assistance of counsel claims on direct review. *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003).

Thus we conclude, upon "a full examination of all the proceedings," *Anders*, 386 U.S. at 744, "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988). We agree with counsel that the appeal is frivolous, and we therefore affirm the judgment on the merits and grant counsel's motion to withdraw.